UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY A. JENSON, | ) |
|         Plaintiff, | ) No. CV-10-0234-CI ) |
| v. | ) ORDER GRANTING DEFENDANT'S ) MOTION TO DISMISS COMPLAINT, ) *INTER ALIA* |
| FEDERAL AVIATION ADMINISTRATION (FAA), U.S. DEPARTMENT OF TRANSPORTATION, | ) ) ) ) |
|         Defendant. | ) |

Before the court is Defendant's Motion to Dismiss. (ECF No. 34.) Tracy A. Jenson (Plaintiff) appears *pro se* and *in forma pauperis*; Defendant is represented by Assistant United States Attorney Frank Wilson. The parties have consented to proceed before a magistrate judge. (ECF No. 26.)

**PROCEDURAL BACKGROUND**

Plaintiff, a retired air traffic controller formerly employed by the FAA at Felts Field in Spokane County Washington and later at Boeing Field in King County Washington, filed a complaint in the Western District of Washington in September 2009. (ECF No. 3.) Plaintiff alleged gender discrimination in employment under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e; age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et. seq.*; discrimination under the Equal Pay Act (EPA), 29 U.S.C. § 206(d); and violations of 18 U.S.C. § 241. *Id*. On November 5, 2009, United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 1

Ricardo S. Martinez of the Western District of Washington denied Plaintiff's motion for appointment of counsel and "Motion to Order Re-Instatement." (ECF No. 6.) Defendant filed its Answer to the Complaint on December 10, 2009, asserting as affirmative defenses: lack of subject-matter jurisdiction; failure to state a claim; failure to exhaust administrative remedies; and failure to timely file a civil action after the issuance of the administrative final decisions. (ECF No. 11.) On or about July 26, 2010, the case was transferred to the Eastern District of Washington at Plaintiff's request and assigned to United States District Court Judge Edward F. Shea. (ECF No. 21, 22.) The parties consented to proceed before a magistrate judge on January 26, 2011, and a scheduling conference before the undersigned was set for February 28, 2011. (ECF No. 26, 33.)

On April 8, 2011, Defendant filed this Motion to Dismiss all claims based on: FED. R. CIV. 12(b)(1) (lack of subject-matter jurisdiction); FED. R. CIV. P. 12(b)(3) (improper venue);[1] FED. R. CIV. P. 12(b)(6) (failure to state a claim for which relief can be granted); and the doctrine of *res judicata*. (ECF No. 34.) The District Court Executive sent a NOTICE TO PRO SE LITIGANTS OF THE DISMISSAL AND/OR SUMMARY JUDGMENT RULE REQUIREMENTS via mail to Plaintiff on April 8, 2011. (ECF No. 37.) Plaintiff timely responded to Defendant's Motion to Dismiss. (ECF No. 38, 40.)

---

[1] Because dismissal of Plaintiff's claims is required on other grounds, it is unnecessary to address the issue of venue raised by Defendant.

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 2

## BACKGROUND[2]

When Mr. Jenson was employed at Felts Field, a FAA Level One airfield in the early 90's, the FAA decided to privatize the operation of Level One airfields nationwide. As part of the privatization process, Level One air traffic controllers who wanted to continue to work for FAA were allowed to transfer to higher level air fields. The transfers were supposed to take place in four stages over four years (1994-98) and involved an increase in pay due to added responsibilities and training at the higher level

---

[2] This background summary is based on allegations in Plaintiff's Complaint and attached exhibit. (ECF No. 3.) In addition, pursuant to FED. R. EVID. 201, the court takes judicial notice of adjudicative facts in *Brodowy v. United States,* 482 F.3d 1370 (Fed. Cir. 2007), *reh'g denied, cert denied*, 128 S.Ct. 879 (2008)). *See Overstreet v. United Broth. of Carpenters and Joiners of America*, 409 F.3d 1199, 1204 n.7 (9th Cir. 2005). In *Brodowy*, Plaintiff and other similarly situated Level One FAA controllers appealed the Federal Claims Court's dismissal of their claim against the government for violations of 5 U.S.C. § 5334 (which governs Office of Personnel Management (OPM) transfers and pay rates), and § 5596 (the Back Pay Act). The Federal Circuit Court of Appeals held the trial court had subject-matter jurisdiction over the claims, and affirmed the trial court on the merits, finding the federal employees failed to state a claim because their transfers were from a GS system to a non-GS system, and § 5334 applies only to transfers from one GS grade to a higher GS grade. *Id*. at 1373-74.

facilities. During the privatization process, the ATC union sued the FAA for non-compliance with procedures related to the privatization plan. In March 1998, a federal judge in Northern Ohio stayed the privatization process and Level One controller transfers until the FAA complied with a required cost effectiveness analysis. The court-ordered delay in privatization and stage four Level One transfers to higher level airfields lasted 14 months.

During the delay in privatization of Level One airfields, the FAA and the National Air Traffic Controllers' Union (Union) entered into an agreement to change the compensation scheme for all Level 2-Level 5 air traffic controllers from the General Schedule (GS) pay system to a new air traffic controller pay system (ATC pay system). (Level One controllers were not included in the agreement because it was assumed the privatization process would be completed and all former Level One controllers would have resigned, retired, or transferred to higher facilities.) The agreement included a "conversion rule" for controllers transferring from the GS system to the new ATC (non G-S) pay system prior to full implementation. The "conversion rule" was based on the controller's prior GS grade and step.

The ATC pay system was to be implemented in October 1998. By the time the delayed privatization plan resumed in 1999, and Level One controllers (who were still being paid under the GS system) could transfer to higher level airfields, the new ATC pay system was fully implemented and the "conversion rule" was no longer in effect. As a result, when Plaintiff and the other Level One controllers affected by the delay moved to higher level airfields, they were

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 4

assigned a lower ATC pay band than similarly situated air traffic controllers who had transferred while the "conversion rule" was in effect. (ECF No. 3); *Brodowy,* 482 F.3d at 1373-74.

Mr. Jenson transferred to Boeing Field in November 1999, and has filed claims in numerous courts under different statutes in an effort to recoup his alleged lost wages. He retired from the FAA in 2003, allegedly to access his retirement funds so he could continue to sue the FAA and the Union for violations of various federal statutes.[3] (ECF No. 3.) In this action, he characterizes the alleged unequal pay treatment as discrimination based on gender and age, a violation of the Equal Pay Act, and criminal conspiracy. He asks the court to order the FAA to reinstate him and pay him and "the other 28 people," all the money they would have made if they had been moved as scheduled. (ECF No. 3 at 3.)

---

[3] In Defendant's Memorandum in Support of Motion to Dismiss, ECF No. 35 at 5-7, is a reference to Plaintiff's cases filed in this district and in the Districts of Idaho and Ohio. In this district, Plaintiff has filed three lawsuits against the National Air Traffic Controllers Association, based on these or similar facts, all of which were dismissed: *Tracy A. Jenson v. Nat'l Air Traffic Controllers Association*, Cause No. CV-09-336-LRS (dismissed without prejudice); *Tracy A. Jenson v. Nat'l Air Traffic Controllers Association, AFL-CIO, Adell Humphreys and Paul Rinaldi, Cause* No. CV-10-069-RMP (dismissed for lack of subject-matter jurisdiction); *and Tracy A. Jenson v. Nat'l Air Traffic Controllers Association*, Cause No. CV-10-201-RMP (dismissed with prejudice).

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 5

**DISCUSSION**

**A.   EQUAL PAY ACT: Gender based discrimination in pay.**

Defendant moves for dismissal of Plaintiff's EPA claim for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1). In considering a motion to dismiss under FED. R. CIV. P. 12(b)(1), the court may weigh the evidence to determine if it has jurisdiction. Jurisdiction must be addressed prior to considering a matter on the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998). Although a *pro se* litigant's pleadings are held to a less stringent standard, this does not relieve him of "the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed.Cl. 249, 253 (Fed.Cl. 2007); *Bernard v. United States,* 59 Fed.Cl. 497, 499 (Fed.Cl. 2004). The court may resolve factual disputes where necessary, and "no presumptive truthfulness attaches to plaintiff's allegations." *Roberts v . Corrothers*, 812 F.2d 1173, (1987). Subject-matter jurisdiction as a threshold matter is "'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)(*quoting Mansfield, C.& L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Unless otherwise granted by the applicable statute, jurisdiction over a lawsuit against the federal government is governed by the Tucker Act, 28 U.S.C. § 1491(a)(1), and 28 U.S.C. § 1346(a)(2). The Tucker Act provides that district courts shall have original jurisdiction, concurrent with the Court of Federal Claims, for claims against the United States not exceeding $10,000. The Court of Federal Claims has exclusive jurisdiction over claims exceeding $10,000. 28 U.S.C. § 1346(a),(2).

The Equal Pay Act, 29 U.S.C. § 206(d), enacted by Congress as an amendment to the Fair Labor Standards Act, protects federal employees against pay discrimination based on gender.  The statute does not include a jurisdictional grant; therefore, the Court of Federal Claims has exclusive jurisdiction over Plaintiff's EPA claim for back pay, which he alleges is "$27,000 per year base pay." (*See* ECF No. 3 at 3.)  Because this court lacks subject-matter jurisdiction, it may not proceed to evaluate the merits of Plaintiff's EPA claim.  *Steel Co.*, 523 U.S. at 94.  Other issues regarding the EPA claim raised by Defendant, therefore, will not be addressed.  The EPA claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiff pursuing remaining remedies, if any, in the Court of Federal Claims.

**B.   TITLE VII - Gender based discrimination in employment.**

Defendant moves for dismissal of Plaintiff's Title VII claim for failure to exhaust administrative remedies, failure to state a claim upon which relief can be granted, and under the doctrine of *res judicata.* (ECF No. 35 at 15.)

   **1.   *Res judicata***

Citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980), Defendant argues the issues in this case could have been litigated in prior actions based identical facts and are, thus, barred by the doctrine of *res judicata.* (ECF No. 35 at 15.)  As explained by the Supreme Court:

> Under *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were <u>or could have been raised</u> in that action.  Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment,

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 7

> that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

*Id. (Emphasis added.)*

As discussed above, in *Brodowy*, Plaintiff and other Level One controllers[4] sued the United States under 5 U.S.C. § 5334(b) in the Court of Federal Claims to recover lost pay due to the above described conversion rule and transfer process to higher level airport facilities.[5] The Federal Circuit Court of Appeals, after holding that the trial court had jurisdiction over the claim, affirmed dismissal under FED. R. CIV. P. 12(b)(6), and dismissed on

---

[4] Plaintiffs/appellants in the *Brodowy* case were male and female controllers: Ted Brodowy, Dirk Brown, Carolyn Gandy, Ron Gandy, Tracy Jenson, Kenneth Karnath, Jonathan Mendelson, Clyde Smith, Sharon Wilkins, and Marilyn Yamamoto.

[5] The other case noted by Defendant in which Plaintiff sued the United States for alleged violations under the Back Pay Act and the Civil Service Reform Act (*Jenson v. United States*, U.S. Court of Federal Claims Cause Number 10-CV-0598-EGB (March 31, 2011)) was dismissed by the Court of Federal Claims on March 31, 2011, (1) for lack of jurisdiction pursuant to 28 U.S.C. § 1500 (which prevents the Court of Federal Claims from hearing a case which is pending in another court), and (2) as barred by the six year statute of limitations. Plaintiff's other lawsuits involving the same or similar facts are pending, without final judgment on the merits, or do not name the federal government as Defendant. (ECF No. 35 at 5-7.)

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 8

the merits. *Brodowy,* 482 F.3d at 1375-76. Defendant argues the *Brodowy* court's decision on the merits precludes relitigation of the facts in this matter. (ECF No. 35 at 15.) However, the final judgment on the merits in *Brodowy* does not end the inquiry regarding *res judicata*.

Although Congress intended the Court of Federal Claims to have exclusive jurisdiction over certain monetary claims against the federal government, "Congress never intended for the United States Court of Federal Claims to have jurisdiction over claims brought under Title VII." *Lee v. United States*, 33 Fed.Cl. 374, 378 (1995). Plaintiff was thus precluded from raising Title VII claims in the *Brodowy* and *Jenson* cases. If the Title VII issues had been raised in those actions, the Court of Federal Claims would have been required to dismiss them for lack of jurisdiction, and not on the merits. *Taylor v. United States*, 80 Fed.Cl. 376, 381-82 (Fed.Cl. 2008). Because the issues "could not have been raised," in Federal Claims court, *res judicata* does not apply.

**2. Failure to State a Claim**

Defendant argues that even if *res judicata* does not apply to this action, Plaintiff's Title VII claims should be dismissed for failure to exhaust administrative remedies and failure to state a claim under Fed. R. Civ. P. 12(b)(6).[6] A dismissal for failure to

---

[6] The Ninth Circuit does not recognize administrative exhaustion as a jurisdictional requirement in Title VII claims. It is considered a "statutory precondition to suit." *Vinieratos v. United States, Department of Air Force*, 939 F.2d 762, 768 n.5 (9th

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 9

state a claim under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) is proper if plaintiff could prove no set of facts that would entitle him to relief. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The court may consider exhibits attached to a complaint without converting a motion to dismiss to one for summary judgment. *Id*. The Supreme Court has held more recently that a complaint will be dismissed for failure to state a claim upon which relief may be granted if the allegations fail to "raise a right to relief above the speculative level," even assuming the allegations in the complaint are true. *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.*

To prevail in a Title VII claim, a plaintiff first must exhaust administrative remedies as set out in the controlling statute. 42 U.S.C. § 2000e; *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832-833 (1976)(as a precondition to judicial relief, federal employee must seek relief in the agency that allegedly discriminated against him). Specifically, an employee who believes he has been discriminated against based on gender must first contact an Equal Employment Opportunity Commission (Commission) counselor within 45 days after the alleged discrimination to attempt an informal resolution. If an employee is dissatisfied with the administrative determination, he is authorized under Title VII and the ADEA:

> [T]o file a civil action in an appropriate United States District Court:

---

Cir. 1991).

>(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
>(b) After 180 days from the date of filing an individual class complaint if an appeal has not been filed and final action has not been taken;
>
>(c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
>(d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407; *See* also 42 U.S.C. § 2000e-16(c).

Here, as an exhibit to his Complaint, Plaintiff provides the Department of Transportation's (DOT) final agency decision regarding a 2009 discrimination complaint filed in May 2009.[7] (ECF No. 3 at 4-5; ECF No. 35 at 37-39.) The DOT dismissed the complaint for failure to comply with the regulatory time limits when Plaintiff filed discrimination complaints in 2003 and 2006. Both complaints were based on the same facts alleged in the 2009 complaint. As explained in the final agency decision, in 2003, Plaintiff failed to file a formal complaint after being issued a Notice of Right to File a Discrimination Complaint; in 2006, Plaintiff did not appeal the agency's final determination. (ECF No. 35 at 38.) Citing 29 C.F.R.

---

[7] In its review of the file, the court notes Plaintiff's exhibit does not include the second page of the DOT's final agency decision, which fully explains the agency's determination. (ECF No. 3 at 4-5.) Assuming this omission was inadvertent, the court takes judicial notice of the same letter, in its entirety, which is attached as Exhibit C to Defendant's Motion to Dismiss. (ECF No. 35 at 38.)

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 11

§ 1614.107(a)(1) and (a)(2), DOT dismissed the 2009 complaint for failure to comply with time limits and as being the same as two other discrimination complaints that had been decided by the agency or the Commissioner. (*Id.*) For these reasons, Plaintiff's Title VII claim is construed as an appeal of DOT's final agency decision issued on June 22, 2009.

The DOT's final decision may not be altered through this action. Plaintiff's alleged discovery in January 2009 of the specific details of how one female Level One controller was paid under the "conversion rule" during the transfer process (ECF No. 35 at 38), does not create the basis for a new gender discrimination complaint. Further, it does not change the fact that Plaintiff failed to exhaust administrative remedies in 2003 and is now precluded from seeking judicial relief on the Title VII claim. Even assuming Plaintiff's 2009 gender discrimination complaint were exhausted and timely filed in this court, it is clear he can prove no set of facts that would entitle him to relief under Title VII. Mr. Jenson was among male and female plaintiffs/appellants in *Brodowy* alleging an unlawful loss in pay grade based on these same facts. *Brodowy*, 482 F.3d at 1370. In addition, in the exhibit attached to Plaintiff's Complaint, Plaintiff specifically names a female controller who also did not receive the benefits of the "conversion rule" because of the delay in her transfer from Level One to a higher level facility. (ECF No. 3 at 12.) Plaintiff cannot plead that he was treated differently because of his male gender when it is clear he was among male and female controllers seeking judicial relief for allegedly illegal pay conversion. As

found by the *Brodowy* court, and described in detail by Plaintiff in his attachments and responses, the difference between his assigned pay band at Boeing Field and that of similarly situated Level One controllers who transferred to Boeing Field before October 1998, was due to a delay in his scheduled transfer which precluded application of the "conversion rule" agreed upon by the Union and the FAA. Plaintiff can prove no set of facts that would support his claim that the FAA paid him differently because of his male gender; therefore, his Title VII claims must be **DISMISSED WITH PREJUDICE** for failure to state a claim.  FED. R. CIV. P. 12(b)(6).

**C.   ADEA - Age Discrimination in Employment Act of 1967.**

Without citing legal authority, Plaintiff alleges the FAA failed to rehire him in violation of "a Supreme Court ruling on Age Discrimination (January 2005), for failure to rehire." (ECF No. 3 at 2.)  This bare assertion does not state a claim.

Under the ADEA, a federal employee has two alternatives in seeking judicial relief for alleged age discrimination.  An employee may file a complaint with the Commission and exhaust the administrative process discussed above (29 C.F.R. § 1614.407) and, if dissatisfied with administrative remedies, may bring an action in federal district court for relief.  29 C.F.R. § 633a(b) and (c).  In the alternative, under 29 U.S.C. § 633a(d), a federal employee may present his or her claim directly to federal district court for a decision on the merits.  However, if an employee chooses this route, he or she is required to give the Commission notice of the discriminatory action within 180 days of the alleged action and give notice of an intent to sue at least 30 days before filing suit.

29 C.F.R. § 633a(d); *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).

It appears Plaintiff has failed to comply with either procedure. He fails to allege or demonstrate administrative exhaustion of his ADEA claims, and he did not give the Commission or Defendant the required notice of intent to file this action within the statutory time limits. Therefore, he may not seek judicial relief. 29 C.F.R. § 633a(b),(c),(d). In addition, he has failed to allege with specificity that he actually applied for a position with the FAA for which he was qualified or when he was denied employment based on his age. *See Whitman v. Menta*, 541 F.3d 929, 932 (9th Cir. 2008). It may be that these issues are inextricably intertwined. That determination is not made at this time. Accordingly, Plaintiff's ADEA claim, 29 U.S.C. § 621, is **DISMISSED WITHOUT PREJUDICE.**

**D.   18 U.S.C. § 241 - Conspiracy against rights.**

Plaintiff appears to claim relief based on this criminal offense statute which defines penalties for conspiracy to violate civil rights. (ECF No. 3.) However, 18 U.S.C. § 241 does not authorize civil suits or create a private cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff's claim under 18 U.S.C. § 241 therefore is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

**CONCLUSION**

The court is mindful that Mr. Jenson has expended significant time and resources seeking a resolution to this pay dispute that

arose in 1999.  It is troubling, and the court agrees with the Court of Federal Claims, the collective bargaining agreement that included the "conversion rule" failed to anticipate controllers in Mr. Jenson's situation would be disadvantaged if they were unable to transfer into the higher level facility as scheduled and while the "conversion rule" was in effect.  The court recognizes the delay in transfer was caused by circumstances beyond the individual controllers' control, and apparently a satisfactory remedy has eluded the parties and the Union.  Unfortunately, neither the facts nor the law pertinent to Plaintiff's claims provides a basis for judicial relief through the captioned Complaint.  Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss **(ECF No. 34)** is **GRANTED** as follows**:**

   A. Plaintiff's EPA claims, 29 U.S.C. § 206(d), are **DISMISSED WITHOUT PREJUDICE** to Plaintiff pursuing his remaining remedies, if any, in the Court of Federal Claims;

   B. Plaintiff's Title VII claims, 42 U.S.C. § 2000e, (gender discrimination claims) are **DISMISSED WITH PREJUDICE** for failure to state a claim;

   C. Plaintiff's ADEA (age discrimination) claim, 29 U.S.C. § 261, is **DISMISSED WITHOUT PREJUDICE** for failing to allege exhaustion.  In addition, Plaintiff has failed to allege with specificity that he applied for a position with the FAA for which he was qualified, or when he was denied employment based on his age;

   D. Plaintiff's conspiracy claim, 18 U.S.C. § 241, is

1  **DISMISSED WITH PREJUDICE.**

2     2.   Plaintiff's Complaint **(ECF No. 3)** is **DISMISSED.**

3     3.   Plaintiff's Motion to Order Deposition of Witnesses (**ECF No. 42**) is **DENIED AS MOOT.**

5     4.   Judgment shall be entered for Defendant.

6     5.   Each party shall bear its own costs.

7  The District Court Executive is directed to file this Order and provide copies to Plaintiff and counsel for Defendant and **CLOSE THE FILE.**

10 DATED June 22, 2011.

            S/ CYNTHIA IMBROGNO
          UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT, *INTER ALIA* - 16