UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TRACY A. JENSON,                    )
                                    )    No. CV-10-0234-CI
            Plaintiff,              )
                                    )    ORDER DENYING PLAINTIFF'S
v.                                  )    MOTION FOR RECONSIDERATION
                                    )
FEDERAL AVIATION                    )
ADMINISTRATION (FAA), U.S.          )
DEPARTMENT OF TRANSPORTATION,       )
                                    )
            Defendant.              )
_____

     Before the court is Plaintiff's "Notification to Court and
Motion for Reconsideration due to Misunderstanding," which the court
construes as a Motion under FED. R. CIV. P. 59(e) and FED. R. CIV. P.
60(a)(b). (ECF No. 48.)  Tracy A. Jenson (Plaintiff) appears *pro se*
and *in forma pauperis*; Defendant is represented by Assistant United
States Attorney Frank Wilson.  The parties have consented to proceed
before a magistrate judge. (ECF No. 26.)

**PROCEDURAL BACKGROUND**

     Plaintiff, a former air traffic controller filed a complaint
against the FAA in September 2009.  (ECF No. 3.)  Plaintiff alleged
gender discrimination in employment under Title VII of the Civil
Rights Act of 1964 (Title VII); age discrimination under the Age
Discrimination in Employment Act (ADEA); discrimination under the
Equal Pay Act (EPA); and violations of 18 U.S.C. § 241.  *Id*.  The
case was transferred to the Eastern District of Washington and, upon
consent of the parties, assigned to the undersigned.  On June 22,

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

2011, the court granted Defendant's Motion to Dismiss and directed judgment be entered for Defendant and the file be closed. (ECF No. 46.) Judgment in favor of Defendant was entered on June 22, 2011, (ECF No. 47); Plaintiff did not appeal the judgment.

On September 27, 2011, Plaintiff filed this Motion for Reconsideration in which he restated his case and re-submitted exhibits. (ECF No. 48.) Defendant responded on October 5, 2011, that Plaintiff's pleadings presented no new material facts or claims, and asserted that the inaccuracies alleged, if they existed, were not material to the resolutions of the issues before the court. (ECF No. 49.)

## DISCUSSION

Under the FEDERAL RULES OF CIVIL PROCEDURE, a party may file a motion to alter or amend a judgment no later than 28 days after the entry of final judgment. FED. R. CIV. P. 59(e)(2009). "Reconsideration under Rule 59(e) is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Internat'l Corp.* 617 F.3d 1072, 1100 (9th Cir. 2010) (*quoting United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). However, Plaintiff failed to file his motion to alter or amend within the requisite 28 days after judgment; therefore, his motion is construed as a motion for relief from final judgment under FED. R. CIV. P. 60(b). *United Nat. Ins. Co.*, 555 F.3d at 780-81.

To obtain relief from a final judgment or order, Plaintiff must

provide evidence of:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud, . . . misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

FED. R. CIV. P. 60(b); *see, also, Platforms Wireless Internat'l.,* 617 F.3d at 1100.

In re-stating his allegations, Plaintiff appears to assert two primary reasons for his motion for reconsideration: that the courts misunderstood his complaint and made inaccurate findings, and this court made inaccurate statements in the dismissal. (ECF No. 48.) However, his assertions neither establish grounds for relief nor are the kind of "mistake or inadvertence" contemplated by FED. R. CIV. P. 60(b)). *Swam v. U.S.,* 327 F.2d 431, 433 (7th Cir. 1964) (averred misconception of district court "not within ambit of Rule 60(b))." If Plaintiff believed this court misunderstood his complaint and was mistaken as a matter of law, his recourse was to file a motion to vacate or amend the judgment under Rule 59, or to file a notice of appeal within 60 days of entry of the judgment. *Id.*; FEDERAL RULE OF APPELLATE PROCEDURE 4(a).

"Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal." *Title v. United States of America,* 263 F.2d 28, 31 (9th Cir. 1959)(*citing Ackermann v. United States*, 340 U.S. 193, 202 (1950)). Even

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 3

assuming Plaintiff's contentions have merit, he is not entitled to relief under FED. R. CIV. P. 60(b) because his contentions should have been raised in a direct appeal. *Id.* at 30. An unsuccessful litigant who "seeks to express his dissatisfaction" after the time for filing an appeal has expired, has no recourse through FED. R. CIV. P. 60(b). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341-42 (9th Cir. 1981) (*quoting Morse-Starrett Products Co. v. Steccone*, 205 F.2d 244, 249(9th Cir. 1953).[1]  Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Reconsideration (**ECF No. 48**) is **DENIED.**

The District Court Executive is directed to file this Order and provide copies to Plaintiff and counsel for Defendant.

DATED November 16, 2011.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

---

[1]  Regarding Plaintiff's assertion of "inaccurate statements," the court has the discretion to correct a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." FED. R. CIV. P. 60(a). Plaintiff makes no showing that asserted inaccuracies substantially prejudiced his rights in this action or affected the court's legal analysis and judgment. In light of the entire record, the court finds the inaccuracies referenced in Plaintiff's motion are harmless. FED. R. CIV. P. 61.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 4